PAUL V. EISNER CO. (H. Z. BERNSTEIN CO., INC.) *v.* UNITED STATES

No. 8087.—

Entry No. 718704.

(Decided February 15, 1952)

*Lane, Young & Fox* (*William H. Fox* of counsel) for the plaintiff.

*Charles J. Wagner*, Acting Assistant Attorney General (*Charles J. Miville*, special attorney), for the defendant.

LAWRENCE, Judge: Counsel for the parties hereto entered into a stipulation to the effect that the official invoice and entry papers and all papers attached thereto may be received in evidence and that this appeal for a reappraisement may be deemed to be submitted for decision upon said stipulation and the record as thus made.

The merchandise the subject of this reappraisement appeal consists of various items of watch movements and cases imported from Switzerland. Although the basis of value within the purview of section 402 of the Tariff Act of 1930 upon which appraisement of the merchandise was made is not stated by either the plaintiff or defendant, it apparently was upon the basis of foreign value as defined in section 402 (c) of said act, as amended by the Customs Administrative Act of 1938 (19 U. S. C. § 1402 (c)), and apparently export value was no higher.

The merchandise was invoiced at certain unit values which did not include charges for "all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States" as called for by section 402 (c) or (d) of the Tariff Act of 1930 (19 U. S. C. § 1402 (c) or (d)).

The commercial invoice accompanying the entry herein contains an itemization of the following charges:

| | | |
|---|---|---|
| Postage to Geneva | 40.–[Swiss francs] | |
| Cases, packing | 151.– | |
| Swiss export permits | 41.– | |
| Certificates of Origin & Interest | 24.– | |
| Legalised consular invoice | 24.– | |
| Guaranty export risks | 57.– | 337.– |

Upon entry, the plaintiff treated the item of "Postage to Geneva" as a dutiable charge and all of the other items as nondutiable.

An examination of the summary sheet discloses that the merchandise was appraised as entered under date of May 21, 1946.

There is attached to the entry papers Customs form 4371, memorandum to accompany invoice, from which it appears that under date of July 11, 1946, the collector of customs questioned the correctness of the apportionment of the dutiable and nondutiable charges and that on July 22, 1946, the appraiser of merchandise noted thereon that the item of "Cases, packing" in the amount of 151 Swiss francs was a dutiable charge, all other items being nondutiable. Apparently the collector treated the appraiser's report of July 22, 1946, as an appraisement of the merchandise for under date of August 20, 1946, a notice of appraisement was delivered personally or mailed to the plaintiff stating that the appraised value exceeded the entered value.

As has been stated, *supra,* it appears from the official papers that the actual appraisement of the importation in controversy was completed on May 21, 1946, and in the absence of a written appeal for a reappraisement filed with or mailed to this court within the time prescribed by section 501 of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938 (19 U. S. C. § 1501), said appraisement became final and conclusive upon all parties, including the United States.

I, therefore, find and hold that the attempted appraisement embodied in the second return of value by the appraiser of the merchandise covered by this appeal, namely, that of July 22, 1946, was illegal, null, and void, and that the appraiser's original return of value, as reported by him to the collector on May 21, 1946, constituted his appraisal of the merchandise pursuant to section 500 of the Tariff Act of 1930 (19 U. S. C. § 1500), and was final and conclusive in the absence of any appeal pursuant to section 501, *supra. United States* v. *Gothic Watch Co.,* 23 Cust. Ct. 235, Reap. Dec. 7712.

Judgment will be entered accordingly.